IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

LEAH FILIPKOSKI,

        Plaintiff,

v.

SCHIFF'S RESTAURANT SERVICE, INC.,

        Defendant.

Civil Action No.: 3:22-cv-01696-JFS

**JURY DEMANDED**

---

# DEFENDANT SCHIFF'S RESTAURANT SERVICE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant Schiff's Restaurant Service, Inc. ("Defendant"), by and through its attorneys, Kaufman Dolowich & Voluck, LLP, answer Plaintiff Leah Filipkoski's Complaint as follows:

## Introduction

1. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations and Plaintiff is left to her proofs.

2. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they are conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations, except to admit only that Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## Parties

3. Defendant admits only that Plaintiff is an adult individual and a former employee of Defendant. After reasonable investigation, Defendant is presently without sufficient knowledge

or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and therefore the allegations are denied and Plaintiff is left to her proofs.

4. Defendant admits the allegations in this paragraph of the Complaint.

5. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they are conclusions of law to which no response is required. To the extent a response is deemed to be required, after reasonable investigation, Defendant is presently without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations as "all times relevant and material" is not defined in this paragraph of the Complaint and the same are therefore denied and Plaintiff is left to her proofs.

**Jurisdiction and Venue**

6. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they are conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations and Plaintiff is left to her proofs.

7. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they are conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations and Plaintiff is left to her proofs.

8. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they are conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations and Plaintiff is left to her proofs.

## Exhaustion of Administrative Remedies

9. Defendant admits only that Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Defendant neither admits nor denies the remaining allegations in this paragraph of the Complaint as they refer to documents, the language of which speak for themselves. To the extent a response is deemed to be required, Defendant denies the allegations and Plaintiff is left to her proofs.

10. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they refer to documents, the language of which speak for themselves. To the extent a response is deemed to be required, Defendant denies the allegations and Plaintiff is left to her proofs.

## Factual Allegations

11. Defendant admits only that Plaintiff is female.

12. Defendant admits only that Plaintiff was hired by Defendant as a Deli Supervisor in December 2020.

13. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

14. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

15. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

16. Defendant denies the allegations in this paragraph of the Complaint and each of its subparts both factually and as a conclusion of law.

17. Defendant denies the allegations in this paragraph of the Complaint both factually and as a conclusion of law and Plaintiff is left to her proofs.

18. Defendant admits only that David Pitcavage, Jr. ("Pitcavage") owns 10% of Defendant.

19. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

20. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

21. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

22. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

23. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

24. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

25. Defendant admits only that Plaintiff did not receive a formal performance review.

26. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

27. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

28. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

29. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

30. Defendant admits only that Kris Krahling ("Krahling") is no longer Defendant's Human Resources Director. Defendant denies the remaining allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

31. After reasonable investigation, Defendant is presently without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint and the same are therefore denied and Plaintiff is left to her proofs.

32. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

33. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

34. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they refer to text messages, the language of which speak for themselves. To the extent a response is deemed to be required, Defendant denies the allegations and Plaintiff is left to her proofs.

35. Defendant admits only that Plaintiff met with Pitcavage on April 19, 2022, to discuss Plaintiff's employment. Defendant denies the remaining allegations in this paragraph of Complaint and Plaintiff is left to her proofs.

36. Defendant admits only that Defendant intended to terminate Plaintiff's employment for performance issues.

37. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

38. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

39. Defendant admits only that Plaintiff was intended to be terminated due to her performance issues, including her attendance. Defendant denies the remaining allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

40. Defendant admits only that Plaintiff left the meeting but later returned. Defendant denies the remaining allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

41. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

42. Defendant admits only that Plaintiff was offered a Cashier position. Defendant denies the remaining allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

43. Defendant admits only that Plaintiff was offered a Cashier position at a different pay rate and did not include supervisory responsibilities. Defendant denies the remaining allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

44. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they refer to an e-mail, the language of which speaks for itself. To the extent a response is deemed to be required, Defendant denies the allegations and Plaintiff is left to her proofs.

45. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they refer to an e-mail, the language of which speaks for itself. To the extent a

response is deemed to be required, Defendant denies the allegations and Plaintiff is left to her proofs.

46. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they refer to an e-mail, the language of which speaks for itself. To the extent a response is deemed to be required, Defendant denies the allegations and Plaintiff is left to her proofs.

47. After reasonable investigation, Defendant is presently without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint and the same are therefore denied and Plaintiff is left to her proofs.

48. After reasonable investigation, Defendant is presently without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint regarding Plaintiff's feelings and the same are therefore denied and Plaintiff is left to her proofs.

49. Defendant admits only the Matthew Matassa ("Matassa") remains employed by Defendant. Defendant denies the remaining allegations in this paragraph and Plaintiff is left to her proofs.

## COUNT I

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS OF 1964
HOSTILE WORK ENVIRONMENT**

50. There are no allegations in this paragraph of the Complaint as it is an incorporation paragraph only and therefore no response is required thereto. To the extent a response deemed to be required, Defendant incorporates by reference its responses to the allegations above as if set forth at length herein.

51. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they are conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendant admits only that it employed Plaintiff.

52. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they are conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendant admits only that it employs 15 or more persons.

53. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they refer to a statute, the language of which speaks for itself. To the extent a response is deemed to be required, Defendant denies the allegations and Plaintiff is left to her proofs.

54. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

55. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

56. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

57. Defendant admits only that Pitcavage was Plaintiff's supervisor. Defendant denies the remaining allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

58. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

59. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

60. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

61. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law  and Plaintiff is left to her proofs.

62. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

63. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

64. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

65. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

66. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

67. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

68. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

69. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

**WHEREFORE**, Defendant demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

## COUNT II
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS OF 1964
### RETALIATION

70. There are no allegations in this paragraph of the Complaint as it is an incorporation paragraph only and therefore no response is required thereto. To the extent a response is deemed to be required, Defendant incorporates by reference its responses to the allegations above as if set forth at length herein.

71. Defendant neither admits nor denies the allegations in this paragraph of the Complaint as they refer to a statute, the language of which speaks for itself. To the extent a response is deemed to be required, Defendant denies the allegations and Plaintiff is left to her proofs.

72. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

73. Defendant denies the allegations in this paragraph of the Complaint and Plaintiff is left to her proofs.

74. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

75. Defendant admits only that Plaintiff had been issued a write-up for attendance issues. Defendant denies the remaining allegations in this paragraph and Plaintiff is left to her proofs.

76. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

77. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

78. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

79. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

80. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

81. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

**WHEREFORE**, Defendant demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

### COUNT III
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS OF 1964
### CONSTRUCTIVE DISCHARGE

82. There are no allegations in this paragraph of the Complaint as it is an incorporation paragraph only and therefore no response is required thereto. To the extent a response is deemed to be required, Defendant incorporates by reference its responses to the allegations above as if set forth at length herein.

83. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

84. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

85. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

86. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

87. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

88. Defendant denies the allegations in this paragraph of the Complaint both factually and as conclusions of law and Plaintiff is left to her proofs.

**WHEREFORE**, Defendant demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES[1]

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following affirmative defenses:

1. Plaintiff's Complaint as a whole and each count individually fails to state a claim upon which relief can be granted.

2. Plaintiff was an at-will employee who could be terminated at any time.

3. Defendant acted lawfully and appropriately at all times herein and did not violate Title VII of the Civil Rights Act of 1964, as amended, or any other statute, law or ordinance with regard to Plaintiff's employment.

4. Defendant complied with all governing laws, statutes, and policies in dealing with Plaintiff.

---

[1] Defendant reserves the right to assert additional defenses and/or supplement, alter, and change its Answer to Plaintiff's Complaint upon the revelation of more definite facts by the various parties to this suit and third-party witnesses.

5. Defendant did not violate any public policy or legal duty with regard to Plaintiff's employment or separation thereof, nor did Defendant breach or violate any provision, duty to or right of Plaintiff under any policies of Defendant.

6. Defendant did not engage in any unlawful, discriminatory, harassing, or retaliatory conduct against Plaintiff.

7. Plaintiff was not subjected to sex discrimination, harassment or retaliation of any kind.

8. There are no similarly-situated persons employed by Defendant who were treated differently.

9. All actions taken by Defendant with regard to Plaintiff's employment were made in good faith and for legitimate, non-discriminatory, non-pretextual, and non-retaliatory reasons and were not based on any protected classification.

10. Defendant did not retaliate against Plaintiff in any way.

11. Plaintiff cannot prove a causal connection between her alleged complaints and any alleged adverse employment action.

12. Plaintiff was not subjected to a hostile work environment because the conduct alleged is neither "severe" nor "pervasive" as a matter of law.

13. Plaintiff did not suffer any damages as a result of any action or inaction of Defendant for which Defendant can be liable.

14. The Complaint as a whole and each count individually fails to state a claim for compensatory, punitive or other damages or injunctive relief, nor is Plaintiff entitled to any damages or relief under governing law or the facts herein.

15. Plaintiff's demand for punitive damages fails as a matter of law because Plaintiff cannot establish especially egregious conduct by Defendant.

16. Plaintiff's claims are insufficient to entitle her to an award of attorneys' fees and costs.

17. If Plaintiff suffered any damages or losses, which Defendant denies, such damages or losses were not proximately caused by any unlawful acts or omissions of Defendant, but were caused in whole or in part by Plaintiff's own acts, omissions or conduct, or by the acts, omissions or conduct of third parties other than that of Defendant about which Defendant had no prior knowledge and for whom they had no duty of supervision or control and are not legally responsible.

18. One or more of Plaintiff's claims may be barred by the applicable statute of limitations.

19. In the event that Plaintiff is entitled to a recovery herein, the same being specifically denied, Defendant is entitled to a credit for any sums received from other sources for payment of any alleged damages and/or losses.

20. To the extent Plaintiff has incurred any damages or losses, which Defendant specifically denies, on information and belief, Plaintiff has failed to mitigate her damages. Plaintiff's damages, if any, must be reduced by the income or other payments she has received or should have received, in mitigation.

Respectfully submitted this 13th day of January 2023,

**KAUFMAN DOLOWICH & VOLUCK LLP**

BY: _____
Gregory S. Hyman, Esquire
Katharine W. Fogarty, Esquire

Four Penn Center
1600 JFK Blvd., Suite 1030
Philadelphia, PA 19103
(215) 501-7024 / (215) 501-7044 (Phone)
(215) 405-2973 (Fax)
ghyman@kdvlaw.com
kfogarty@kdvlaw.com
*Counsel for Defendant*
*Schiff's Restaurant Service, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| LEAH FILIPKOSKI, | : | |
| --- | --- | --- |
| | : | Civil Action No.: 3:22-cv-01696-JFS |
| Plaintiff, | : | |
| v. | : | **JURY DEMANDED** |
| SCHIFF'S RESTAURANT SERVICE, INC., | : | |
| Defendant. | : | |

---

## CERTIFICATE OF SERVICE

I, Katharine W. Fogarty, Esquire, hereby certify that a true and correct copy of Defendant Schiff's Restaurant Service, Inc.'s Answer to Plaintiff's Complaint with Affirmative Defenses was served via electronic service of the Court upon all Counsel of Record listed below:

Peter C. Wood, Jr., Esquire
Mobilio Wood
900 Rutter Ave., Box 24
Forty Fort, PA 19704
*Counsel for Plaintiff*

**KAUFMAN DOLOWICH & VOLUCK LLP**

BY: /s/ Katharine Fogarty
Gregory S. Hyman, Esquire
Katharine W. Fogarty, Esquire
Four Penn Center
1600 JFK Blvd., Suite 1030
Philadelphia, PA 19103
(215) 501-7024 / (215) 501-7044 (Phone)
(215) 405-2973 (Fax)
ghyman@kdvlaw.com
kfogarty@kdvlaw.com
*Counsel for Defendant
Schiff's Restaurant Service, Inc.*

Dated: January 13, 2023